

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs,
HARLEY MULLION & CO. LIMITED
ERNST RUSS (UK) LTD.
SCANDANAVIAN SHIPPING
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HARLEY MULLION & CO. LIMITED
ERNST RUSS (UK) LTD.
SCANDANAVIAN SHIPPING,

                    Plaintiffs,

    v.

CAVERTON MARINE LIMITED,

                    Defendant.
------------------------------------------------------------------X

08 CV ____ (____)

**VERIFIED COMPLAINT**

Plaintiffs HARLEY MULLION & CO. LIMITED (hereinafter "HARLEY"), ERNST RUSS (UK) LTD. (hereinafter "ERNST RUSS") and SCANDANAVIAN SHIPPING (hereinafter "SCANDANAVIAN") (hereinafter collectively referred to as "PLAINTIFFS"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, CAVERTON MARINE LIMITED (hereinafter "CAVERTON"), alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff HARLEY was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at 7th Floor, Duke's House, 32-38 Duke's Place, London EC3A 7LP, England.

3. The Plaintiff HARLEY is engaged in business as a broker for maritime contracts in exchange for payments of commissions.

4. At all times material hereto, Plaintiff ERNST RUSS was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with a place of business at Osborn House, 74-80 Middlesex Street, London, E1 7EZ, England.

5. The Plaintiff ERNST RUSS is engaged in business as a broker for maritime contracts in exchange for payments of commissions.

6. At all times material hereto, Plaintiff SCANDANAVIAN was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law.

7. The Plaintiff SCANDANAVIAN is engaged in business as a broker for maritime contracts in exchange for payments of commissions.

8. At all times material hereto, Defendant CAVERTON was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with a place of business at 1, Prince Kayode Akingbade Close, Victoria Island, Lagos, Nigeria.

5. The Defendant CAVERTON is engaged as a disponent owner in the business of chartering and operating vessels for the carriage of goods by sea.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

6. On January 23, 2007, in an exchange of emails, Defendant CAVERTON agreed to pay Plaintiffs HARLEY (as predecessor in interest to ERNST RUSS) and SCANDANAVIAN "2.25% on freights earned for equal division" in exchange for the Plaintiffs HARLEY AND SCANDANAVIAN's agreement to "assist Caverton Marine as their representative agents / brokers with the negotiations of both charters i.e. from Bergesen to Caverton Marine and from Caverton Marine to Nlng."

7. Plaintiff HARLEY's interest in this matter has, at least in part, transferred to Plaintiff ERNST RUSS because the person brokering this matter on Plaintiff HARLEY's behalf is now working for Plaintiff ERNST RUSS.

8. The contract of January 23, 2007 evidenced by the exchange of emails between the parties is a maritime contract because charter party brokerage has a significant impact on maritime commerce and is hereinafter referred to as the "MARITIME CONTRACT."

9. In the alternative, because the MARITIME CONTRACT is a maritime contract because it is based upon two maritime charter party contracts which are

3

governed by English law, and, under English law brokers can enforce their rights in admiralty, even though they are not a party to a maritime charter party, by relying on the provisions of the Contracts (Rights of Third Parties) Act because a maritime charter party contract confers a benefit on brokers.

10. Plaintiffs HARLEY and SCANDANAVIAN did in fact assist Defendant CAVERTON with the negotiations of the above-referenced charters which were successfully concluded for the vessel the BW SAGA.

11. In particular, after chartering the vessel BW SAGA from its disponent owners BW Green Carriers AS, Defendant CAVERTON, now as disponent owners, chartered the BW SAGA to Nigeria LNG Limited on September 7, 2007 for one calendar year at a freight rate of $1,000,000.00 every calendar month.

12. As such, under the MARITIME CONTRACT, Defendant CAVERTON owed Plaintiffs HARLEY and SCANDANAVIAN $22,500.00 for every month starting September 7, 2007 for one year, for a total debt owed of $270,000.00.

13. The first two months of the contract, Defendant CAVERTON paid its debt of $22,500.00 per month to Plaintiffs HARLEY and SCANDANAVIAN, having therefore paid a total of $45,000.00.

14. However, Defendant CAVERTON has refused to make any further payments on the MARITIME CONTRACT and has thereby repudiatorily breached the MARITIME CONTRACT, making its full debt due and owing immediately.

15. Having paid $45,000.00, Defendant CAVERTON, now owes Plaintiffs HARLEY and SCANDAVIAN $225,000.00 which amount is presently due and owing

under the MARITIME CONTRACT because of the repudiatory breach of Defendant CAVERTON.

16.  Defendant CAVERTON's failure to make timely payment of the commission when it became due constitutes a breach of the MARITIME CONTRACT, and, therefore, PLAINTIFFS have a maritime claim against Defendant CAVERTON for breach of the MARITIME CONTRACT in the principal amount of $225,000.00.

17.  The underlying charter parties between the Defendant CAVERTON that form the basis of the commission owed under the MARITIME CONTRACT provide that disputes thereunder shall be governed by English law and shall be referred to arbitration in London.

18.  Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

19.  In accordance with the English law under the Contracts (Rights of Third Parties) Act, the PLAINTIFFS are now preparing to initiate arbitration proceedings against Defendant CAVERTON in London.

20.  As best as can now be estimated, PLAINTIFFS expect to recover the following amounts in London arbitration from Defendant CAVERTON:

| | | |
|---|---|---|
| A. | Principal claim | $225,000.00 |
| B. | Estimated interest on claims: 3 years at 7.5%, compounded quarterly | $ 56,186.18 |
| C. | Estimated attorneys' fees: | $ 75,000.00 |
| D. | Estimated arbitration costs/expenses: | $ 20,000.00 |
| **Total** | | **$376,186.18** |

## PRAYER FOR RELIEF

21. Notwithstanding the fact that the liability of the Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District and held by various parties, as garnishees.

22. Plaintiffs believe that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

23. As set forth in the accompanying Declaration of Owen F. Duffy, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

24. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi*

*in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

  WHEREFORE, Plaintiffs pray as follows:

  A. That the Defendant be summoned to appear and answer this Verified Complaint;

  B. That the Defendant not being found within this District, as set forth in the Declaration of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

  C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **$376,186.18**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiffs' claim, plus costs to be paid out of the proceeds thereof; and

  D. That Plaintiffs have such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
   June 16, 2008

              CHALOS, O'CONNOR & DUFFY, LLP
              Attorneys for Plaintiffs,
              HARLEY MULLION & CO. LIMITED

ERNST RUSS (UK) LTD.
SCANDANAVIAN SHIPPING

By: _____/s/ Owen F. Duffy_____
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs,
HARLEY MULLION & CO. LIMITED
ERNST RUSS (UK) LTD.
SCANDANAVIAN SHIPPING
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HARLEY MULLION & CO. LIMITED
ERNST RUSS (UK) LTD.
SCANDANAVIAN SHIPPING,

                       Plaintiffs,

          v.

CAVERTON MARINE LIMITED,

                       Defendant.
------------------------------------------------------------X

08 CV _____ (___)

**VERIFICATION**

      Pursuant to 28 U.S.C. § 1746, Owen F. Duffy, Esq., declares under the penalty of perjury:

      1.    That I am a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiffs, HARLEY MULLION & CO. LIMITED, ERNST RUSS (UK) LTD., SCANDANAVIAN SHIPPING, herein;

      2.    That I have read the foregoing complaint and know the contents thereof;

      3.    That I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiffs through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiffs is because Plaintiffs is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
June 16, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs,
HARLEY MULLION & CO. LIMITED
ERNST RUSS (UK) LTD.
SCANDANAVIAN SHIPPING

By: _____
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
ofd@codus-law.com

2