UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARLEY MULLION & CO. LIMITED,
ERNST RUSS (UK) LTD
SCANDINAVIAN SHIPPING

                              Plaintiffs,

- against -

CAVERTON MARINE LIMITED,

                              Defendant,

Case No. 08 CV 5435 (BSJ)

**DECLARATION OF ANDREW HUTCHEON IN SUPPORT OF DEFENDANT'S MOTION TO VACATE ATTACHMENT AND FOR ATTORNEY'S FEES**

ANDREW HUTCHEON, pursuant to 28 U.S.C. § 1746 hereby declares and states under penalty of perjury:

1.    I am a solicitor with the law firm of Watson, Farley & Williams, LLP, counsel for defendant Caverton Marine Limited ("Caverton"). I am admitted to practice in England by the Law Society of England & Wales and have significant legal experience in maritime and commercial law in the U.K. I make this declaration in support of Caverton's Motion to Vacate Attachment and for Attorney's Fees based upon my knowledge and documents provided to me by Caverton.

2.    I have reviewed the two charter agreements (the "Charters") relating to the liquefied petroleum gas carrier BW SAGA supplied by Caverton and attached to the Affidavit of Neil A. Quartaro, dated June 11, 2008 ("Quartaro Affidavit") as Exhibits 1 and 2 and the Verified Complaint, filed June 16, 2008, by the Plaintiffs in this action ("Verified Complaint"). I understand the Charters are those referred to in the Verified Complaint at, *inter alia*, paragraphs 6 through 9, inclusive.[1]

---

[1] Due to an apparent numbering error in Plaintiffs' Verified Complaint, certain paragraph numbers appear more than once. Here, I refer to paragraphs 6-9, located on pages 3 and 4 directly beneath the heading "As and For a Cause of Action For Breach of Maritime Contract" (emphasis omitted).

3.      At paragraph 9 of the Verified Complaint, Plaintiffs state that that the alleged agreement:

> is based upon two maritime charter party contracts which are governed by English law, and, under English law brokers can enforce their rights in admiralty, even though they are not a party to a maritime charter party, by relying on the provisions of the Contract (Rights of Third Parties) Act because a maritime charter party confers a benefit on brokers.

4.      I understand that the Plaintiffs base their claim on the Charters to which they claim to have rights pursuant to the Contracts (Rights of Third Parties) Act 1999. Section 1(3) of the Contracts (Rights of Third Parties) Act, states that:

> The third party must be expressly identified in the contract by name, as a member of a class or as answering to a particular description but need not be in existence when the contract is entered into.

5.      My review of the Charters has uncovered no reference to either brokers' commissions for fixing BW SAGA or to the brokers themselves either by name, as a member of a class or by answering to a particular description, and it is my considered opinion that the absence of such a reference in the underlying agreements makes the Contracts (Rights of Third Parties) Act inapplicable.

6.      My review of applicable English case law has revealed no reported decision in which admiralty jurisdiction was extended to a claim for a charter party brokerage commission.

I declare under penalty of perjury of the law of the United States that the foregoing is true and correct.

Dated: London, England
       July 11, 2008

*(signature)*
ANDREW HUTCHEON