UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARLEY MULLION & CO. LIMITED,
ERNST RUSS (UK) LTD
SCANDINAVIAN SHIPPING

                          Plaintiffs,

- against -

CAVERTON MARINE LIMITED,

                          Defendant,

Case No. 08 CV 5435 (BSJ)

**REPLY AFFIDAVIT OF NEIL A. QUARTARO IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO VACATE ATTACHMENT AND FOR THE AWARD OF ATTORNEY'S FEES**

STATE OF NEW YORK   )
                               ) ss:
COUNTY OF NEW YORK  )

    I, NEIL A. QUARTARO, being duly sworn, deposes and says pursuant to the penalties of perjury under the laws of the United States of America

    1.    I am an attorney with the law firm of Watson, Farley & Williams (New York) LLP, counsel for defendant Caverton Marine Limited ("Caverton") and make this affidavit based upon my knowledge and documents provided to me by Caverton.

    2.    I make this Reply Affidavit in further support of Caverton's Motion to Vacate Attachment Pursuant to Federal Rule of Civil Procedure Rule E(4)(f) and for Attorney's Fees.

    3.    I am unaware of any demand for, notice of, or other document claiming to initiate an arbitration on behalf of any of the Plaintiffs against Defendant.

    4.    Attached hereto as Exhibit 1 is a true and correct copy of the unreported Ninth Circuit decision *Kan Int'l v. Coastal Tankships U.S.A.*, 1997 WL 112541, 1997 U.S. App. LEXIS 4800 (9th Cir. Mar. 11, 1997).

    5.    Attached hereto as Exhibit 2 is a true and correct copy of Ninth Circuit Rule 36-3.

6.  Attached hereto as Exhibit 3 is a true and correct copy of the Second Circuit Order enacting Local Rule 32.1.

Dated: New York, New York
August 4, 2008

_/s/ Neil A. Quartaro_
Neil A. Quartaro

Subscribed and sworn to before me this 4th Day of August, 2008

_/s/ Clark Gregory Chase_
Notary Public

Clark Gregory Chase
No. 02CH6123022
Qualified in New York County
Certificate Filed in New York County
Commission Expires February 28, 2009

# Exhibit 1

108 F.3d 1385
108 F.3d 1385, 1997 WL 112541 (C.A.9 (Cal.))
(Table, Text in WESTLAW), Unpublished Disposition
108 F.3d 1385, (C.A.9 (Cal.))1997 WL 112541

Page 1

▷
Kan Intern., Inc. v. Coastal Tankships U.S.A., Inc.
C.A.9 (Cal.),1997.
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Ninth Circuit.
KAN INTERNATIONAL, INC., Plaintiff-Appellee,
v.
COASTAL TANKSHIPS U.S.A., INC.; Coscol Marine Corporation, Defendants-Appellants.
No. 95-56361.

Argued and Submitted Feb. 5, 1997.
Submission Deferred Feb. 5, 1997.
Resubmitted Feb. 20, 1997.
Decided March 11, 1997.

Appeal from the United States District Court for the Central District of California, No. CV-93-05703-RG (EEx); Richard A. Gadbois, Jr., District Judge, Presiding.
C.D.Cal.

AFFIRMED IN PART, REVERSED IN PART.

Before: BEEZER and KOZINSKI, Circuit Judges, and INGRAM,[FN*] District Judge.

FN* The Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM [FN**]

FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.

*1 Kan's recovery for breach of contract precludes any recovery under a quantum meruit theory, as the only purpose of "quantum meruit recovery is to compensate plaintiffs who have provided a benefit to defendants but who do not have a contract-express or implied-with those defendants." *Carolco Television, Inc. v. National Broadcasting Co. (In re DeLaurentiis Entertainment Group, Inc.),* 963 F.2d 1269, 1273 (9th Cir.1992).

Nevertheless, because there is no genuine issue of material fact as to the amount of Kan's contract damages, the district court properly awarded Kan $141,970.21. Although the jury only awarded Kan $35,492.50 for breach of contract, there was no real dispute at trial that if Kan was appellant's **broker**, it was entitled to its full 1.25 percent **commission**. There was some testimony that Kan received only a .65 percent commission on another deal, but both sides agreed this payment was a gift, not a payment obligated by contract.

The district court did err, however, in awarding Kan prejudgment interest. Kan's contract action was governed by federal **admiralty** law-not California state law-because charterparty brokerage has a significant impact on "maritime commerce." *Exxon Corp. v. Central Gulf Lines, Inc.,* 500 U.S. 603, 612 (1991). Kan was therefore required to submit any claim for prejudgment interest to the jury, which it failed to do. *See Glynn v. Roy Al Boat Management Corp.,* 57 F.3d 1495, 1505 (9th Cir.1995), *cert. denied,*116 S.Ct. 708 (1996).

AFFIRMED in part, REVERSED in part, and REMANDED with instructions to enter a new judgment for plaintiff in the amount of $141,970.21. No costs.

C.A.9 (Cal.),1997.
Kan Intern., Inc. v. Coastal Tankships U.S.A., Inc.
108 F.3d 1385, 1997 WL 112541 (C.A.9 (Cal.))

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

108 F.3d 1385
108 F.3d 1385, 1997 WL 112541 (C.A.9 (Cal.))
(Table, Text in WESTLAW), Unpublished Disposition
108 F.3d 1385, (C.A.9 (Cal.))1997 WL 112541

Page 2

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit 2

## CIRCUIT RULE 36-3

### CITATION OF UNPUBLISHED DISPOSITIONS OR ORDERS

(a) **Not Precedent**: Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.

(b) **Citation of Unpublished Dispositions and Orders Issued on or after January 1, 2007**: Unpublished dispositions and orders of this court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with Fed. R. App. P. 32.1.

(c) **Citation of Unpublished Dispositions and Orders Issued before January 1, 2007**: Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit, except in the following circumstances.
  (i) They may be cited to this Court or to or by any other court in this circuit when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.
  (ii) They may be cited to this Court or by any other courts in this circuit for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case.
  (iii) They may be cited to this Court in a request to publish a disposition or order made pursuant to Circuit Rule 36-4, or in a petition for panel rehearing or rehearing en banc, in order to demonstrate the existence of a conflict among opinions, dispositions, or orders.

## CIRCUIT RULE 36-4

### REQUEST FOR PUBLICATION

Publication of any unpublished disposition may be requested by letter addressed to the Clerk, stating concisely the reasons for publication. Such a request will not be entertained unless received within 60 days of the issuance of this Court's disposition. A copy of the request for publication must be served on the parties to the case. The parties will have 10 days from the date of service to notify the Court of any objections they may have to the publication of the disposition. If such a request is granted, the unpublished disposition will be redesignated an opinion.

# Exhibit 3

UNITED STATES COURT OF APPEALS
for the
SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of June, two thousand and seven,

PRESENT:   Hon. Dennis Jacobs, *Chief Judge*
           Hon. Guido Calabresi
           Hon. José A. Cabranes
           Hon. Chester J. Straub
           Hon. Rosemary S. Pooler
           Hon. Robert D. Sack
           Hon. Sonia Sotomayor
           Hon. Robert A. Katzmann
           Hon. Barrington D. Parker
           Hon. Reena Raggi
           Hon. Richard C. Wesley
           Hon. Peter W. Hall
           Hon. Debra Ann Livingston



**IT IS HEREBY ORDERED**, that the Local Rules of the United States Court of Appeals for the Second Circuit are hereby amended effective immediately by the adoption of Local Rule 32.1, which is set forth below and replaces the current Interim Local Rule 0.23.

**Local Rule 32.1. Dispositions by Summary Order**

(a)   Use of Summary Orders

The demands of contemporary case loads require the court to be conscious of the need to utilize judicial time effectively. Accordingly, in those cases in which decision is unanimous and each judge of the panel believes that no jurisprudential purpose would be served by an opinion (i.e., a ruling having precedential effect), the ruling may be by summary order instead of by opinion.

(b)   Precedential Effect of Summary Orders

Rulings by summary order do not have precedential effect.

(c)   Citation of Summary Orders

   (1)   Citation to summary orders filed after January 1, 2007, is permitted.

(A) In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)."

(B) Service of Summary Orders on Pro Se Parties: A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

(2) Citation to summary orders filed prior to January 1, 2007, is not permitted in this or any other court, except in a subsequent stage of a case in which the summary order has been entered, in a related case, or in any case for purposes of estoppel or res judicata.

(d) Legend

Summary orders filed after January 1, 2007, shall bear the following legend:

### SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

Comment: Summary orders are issued in cases in which a precedential opinion would serve no jurisprudential purpose because the result is dictated by pre-existing precedent. Such orders are prepared chiefly for the guidance and information of counsel and parties, and the district court (or other adjudicator) that issued the ruling from which the appeal is taken, all of whom are familiar with the facts, procedural history, and issues presented for review. Summary orders are therefore often abbreviated, and may omit material required to convey a complete, accurate understanding of the disposition and/or the principles of law upon which it rests. Like the great majority of the circuits, the court has chosen to make summary orders non-precedential. Denying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases. Non-precedential summary orders are used to avoid the risk that abbreviated explanations in summary orders might result in distortions of case law. Resolving some cases by summary order allows the court to devote more time to opinions whose publication will be jurisprudentially valuable.

**IT IS SO ORDERED.**

FOR THE COURT:

*Catherine O'Hagan Wolfe*
CATHERINE O'HAGAN WOLFE
CLERK OF COURT

Dated: June 26, 2007